UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY CLARK BRYAN<br><br>Plaintiff,<br><br>vs.<br><br>COMMUNITY RESOURCE<br>MORTGAGE, INC.,<br><br>Defendant. | C/A NO.: 10-08719-jw<br><br>ADVERSARY PRO. NO.: 11-80121-jw<br><br>CHAPTER 7<br><br>**Order**<br>**Denying Defendant's Motion for**<br>**Summary Judgment** |

This matter comes before the Court on the Motion for Summary Judgment ("Motion") filed by Defendant, Community Resource Mortgage, Inc. ("Defendant"). Plaintiff, Timothy C. Bryan, filed an objection to the Motion. This Court has jurisdiction over the proceeding pursuant to 28 U.S.C. §§ 1334 and 157. Pursuant to Fed. R. Civ. P. 52, which is made applicable to this proceeding by Fed. R. Bankr. P. 7052, the Court makes the following findings of fact and conclusions of law.

**FINDINGS OF FACT**

Plaintiff commenced this adversary proceeding based on Defendant's failure to mark satisfied a 2002 mortgage loan that it made to Plaintiff. It is undisputed that Plaintiff paid off this loan three days after it was made and that it remained of record for more than nine years. The mortgage was marked satisfied in September of 2011,

1

after the commencement of this adversary proceeding.

In his Complaint, Plaintiff seeks to recover the statutory penalty provided under S.C. Code § 29-3-320 based upon Defendant's failure to enter satisfaction of the mortgage. He further asserts causes of action for negligence and quantum meruit.

## CONCLUSIONS OF LAW

Under Rule 56(c) of the Federal Rules of Civil Procedure, as adopted and applied to this adversary proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986) (quoting FED. R. CIV. P. 56(c)). The issue for the Court to decide is whether there are any issues of material fact with respect to these claims. If so, summary judgment cannot be granted. *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987). *Karby v. Std. Prods. Co.*, 1992 U.S. Dist. LEXIS 22002, 2-3 (D.S.C. June 22, 1992).

**A. Statutory Claim**

Turning first to Defendant's argument that Plaintiff cannot recover under §29-3-320, the Court finds that a genuine issue of material fact exists that precludes summary judgment. In *Dykeman v. Wells Fargo*, the South Carolina Supreme Court discussed the four elements that must be satisfied to trigger statutory penalties under this section: 1) payment of the debt; 2) request for satisfaction; 3) tender of fees for

2

entering satisfaction; and 4) failure of the mortgagee to enter satisfaction within three months. 381 S.C. 333, 340; 673 S.E.2d 804 (2009). In the present case, there appears to be no dispute as to the first and fourth elements (i.e., that the debt was paid but not timely satisfied of record). Thus, the issues raised by Defendant concern the elements of "request" and "tender."

While Defendant argues that there is no issue of material fact that Plaintiff did not make any written request that it satisfy the mortgage, the *Dykeman* Court specifically held that the language of the statute does not preclude a mortgagor's reliance on the conduct of the mortgage company to support a finding of a request under §29-3-310. *Id.* at 340. In opposition to Defendant's motion, Plaintiff has identified a specific employee or agent of Defendant, who he contends specifically represented that the July 31, 2002 mortgage would be satisfied by the subsequent loan Defendant made on August 2, 2002. This contention, including the existence of this employee, is supported by the loan closing documents.

Likewise, with respect to the issue of tender of fees, the closing documents for the August 2, 2002 loan show the payment of governmental fees by Plaintiff at closing; however, those documents do not clearly define their allocation. In addition to the issue of their allocation, there is a separate factual issue as to whether the requirement of tender was waived by Defendant. *See Dykeman; see also*, *Kinard v. Fleet Real Estate Funding Corp*, 319 S.C. 408, 461 S.E.2d 833 (S.C. Ct. App. 1995).

In the present case, having considered Defendant's motion for summary judgment, Plaintiff's response, and the supporting affidavit, exhibits, and other proper summary judgment evidence, the Court finds that Defendant has failed to

3

meet its burden of demonstrating that there is no issue of material fact as the presence of the elements of request and tender.

## B. Negligence Claim

With respect to the Plaintiff's claim for negligence the result is the same. The *Dykeman* precedent expressly contemplates the availability of a negligence action for failure to satisfy a paid mortgage in the absence of the statutory elements being met. *Dykeman*, 381 S.C. at 340 n.6. While Defendant argues on brief that there is no issue of material fact that "it owed Bryan no duty" its argument is predicated on the absence of any affirmative representation to Plaintiff. Plaintiff's affidavit and supporting exhibits put this assertion squarely at issue, as they describe just such an affirmative representation. Whether or not this representation was made to Plaintiff is a material issue of fact. Thus, summary judgment is improper.[1]

## C. Equitable Claim

Plaintiff's original complaint characterized his equitable theory as quantum meruit. At oral argument, Plaintiff asked the Court to allow it as an action under a promissory estoppel theory. Since this issue was raised for the first time at the hearing on the Motion, the Court requested that the parties each submit proposed orders addressing the Motion as to this specific claim in light of Plaintiff's request. Accordingly, the Court will enter a separate order with respect to this claim.

---

[1] Plaintiff's original complaint contained an additional legal claim for Slander of Title, which was withdrawn prior to the hearing on this motion by stipulation. In its motion for summary judgment, Defendant had contended that the statute of limitations had run on this claim. At oral argument, it appeared that Defendant sought to argue that this affirmative defense was a bar to the remaining legal claims. Even though oral argument went beyond the scope of the matters contained in the pleadings, there was no written argument or citation of authority in the pleadings that put the Court or the parties on notice that the statute of limitations defense was being relied upon for other causes of action for purposes of the motion. Thus, the Court declines to examine the statute of limitations defense further at this stage in the proceedings. This conclusion is made without prejudice to the parties' rights to raise this issue at trial.

## **CONCLUSION**

Viewing the facts in the light most favorable to Plaintiff, the Court finds that the Plaintiff has produced sufficient evidence showing a genuine issue of material fact on its statutory claim and its negligence claim. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). **IT IS THEREFORE ORDERED** that the Defendant's Motion for Summary Judgment as to these two claims is **DENIED.**

**FILED BY THE COURT**
**04/13/2012**



*/s/ John E. Waites*
Chief US Bankruptcy Judge
District of South Carolina

Entered: 04/13/2012